I respectfully concur with the opinion of the majority in this matter and write to elaborate on the evidential rules concerning the ability of a medical expert to offer expert opinion, as discussed by the majority in its analysis of appellant's fourth assignment of error.
As a general rule, a witness may qualify as an expert even though he is not a specialist in a particular area of a field of expertise. Vistein v. Keeney (1990), 71 Ohio App.3d 92, 99. An "expert witness is not required to be the best witness on the subject. * * * The test is whether a particular witness offered as an expert will aid the trier of fact in the search for the truth."Alexander v. Mt. Carmel Med. Ctr. (1978), 56 Ohio St.2d 155, 159. In regard to medical expert testimony, the Supreme Court of Ohio has held that if "the fields of medicine overlap and more than one type of specialist may perform the treatment, a witness may qualify as an expert even though he does not practice the same specialty * * *." Id. at 158. However, Evid.R. 703 states that an expert may provide opinion testimony concerning only those facts or data "perceived [directly] by him or admitted in evidence * * *."
Thus, I disagree with the majority insofar as they conclude that Dr. Sheehan was limited to providing expert testimony only with regard to those physical conditions which he had personally examined and treated. Instead, Dr. Sheehan also could provide expert testimony concerning facts or data admitted into evidence, pursuant to Evid.R. 703. Finally, the hypothetical question at issue in the fourth assignment of error, as asked by appellant's counsel, was not presented in the proper form because there was no language linking the facts in the hypothetical to appellant's night vision or driving fatigue. Also, the hypothetical question did not invite Dr. Sheehan's response for opinions based on a "reasonable medical certainty."
Therefore, it is my firm belief that the majority was correct in concluding that the trial court did not abuse its discretion in excluding the expert testimony of Dr. Sheehan. _______________________________ PRESIDING JUDGE DONALD R. FORD